UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAYLEE SMITH, et al., *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. C19-788 RSL-MLP<br><br>ORDER TO SHOW CAUSE |

## I. INTRODUCTION

Plaintiffs Kaylee Smith, individually, and John Smith, individually and as limited guardian ad litem for minor N.S., brought this tort action in May 2019 regarding a vehicle accident. (Dkt. # 1.) On April 30, 2020, the parties submitted a notice of settlement, requesting all current deadlines set forth in the Scheduling Order (dkt. # 29) be stricken and for the Court to set a deadline for the submission of a stipulation for dismissal. For the reasons discussed below, the Court directs additional briefing as outlined herein.

## II. DISCUSSION

Courts have a "special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs,

ORDER TO SHOW CAUSE - 1

this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

When considering whether to approve a proposed settlement of federal claims involving minors, the Court must consider whether the settlement is fair and reasonable in light of the facts and specific claims at issue and recoveries in similar cases, but without regard to the fee that the adult plaintiffs agreed to pay plaintiff's counsel. *See Robidoux*, 638 F.3d at 1181–82. If a court is not satisfied that minors' interests are being protected, it may reject a proposed settlement. *See id.* at 1179.

It appears the minor has a limited guardian ad litem in this action. However, the parties have not sought Court approval of the settlement and the parties' stipulated notice of dismissal is not permitted to circumvent this Court's duty to inquire into the settlement of a minor's claims. *See, e.g.*, *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997) ("While a properly stipulated dismissal under Rule 41(a)(1)(ii) is self-executing and does not require judicial approval . . . a court may decline to permit a voluntary dismissal when required to avoid short-circuiting the judicial process, or to safeguard interests of persons entitled to the court's special protection.").

Therefore, at present, the Court declines to set a deadline for submission of a stipulation for dismissal, as requested by the parties. The parties shall respond to this order to show cause on or before **May 29, 2020**. The parties shall show cause regarding whether the guardian ad litem believes the minor's interest are safeguarded and whether the Court should approve the settlement. The

ORDER TO SHOW CAUSE - 2

Court will entertain a request for independent pro bono counsel for N.S. for the purposes of settlement should the parties submit one.

The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 6th day of May, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3